UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARIA O. PRYSHLAK<br>2475 Virginia Avenue, N.W., Apt. 709<br>Washington, D.C. 20037<br><br>    Plaintiff,<br><br>        v.<br><br>FIRST TRANSIT, INC.<br>705 Central Avenue<br>Suite 300<br>Cincinnati, Ohio 45202-5755<br><br><u>Serve</u>: Corporation Service Company<br>       1090 Vermont Avenue, N.W.<br>       Washington, D.C. 20005<br><br>    and<br><br>KELSEY WILSON<br>1710 Saint Paul Street, Apartment 104<br>Baltimore, Maryland 21202<br><br>    Defendants. | Case No. _____ |

**COMPLAINT AND JURY DEMAND**
(Negligence and Negligence *Per Se*)

COMES NOW Plaintiff Maria O. Pryshlak and for her Complaint against Defendants First Transit, Inc. and Kelsey Wilson, respectfully states as follows:

**Nature of Case**

This is an action to redress the serious and permanent injuries inflicted upon Plaintiff Maria O. Pryshlak when a "D.C. Circulator" bus operated by Defendants crashed through Ms. Pryshlak's office and caused a building wall to collapse onto her.

The basis of this Complaint is Defendant Kelsey Wilson's negligent conduct in the operation of a motor vehicle, specifically a "D.C. Circulator" bus, and the vicarious liability of Defendant First Transit, Inc. ("First Transit") under the principle of *respondeat superior*, as a result of the tortious acts and/or omissions occurring within the scope of employment. Specifically, the negligence of Defendant Kelsey Wilson, for which First Transit is legally responsible pursuant to the doctrine of *respondeat superior*, caused Ms. Pryshlak severe physical and psychological injuries, pain and suffering, and emotional distress for which she sustained substantial expenses and damages.

### Jurisdiction and Venue

1.  Jurisdiction in this matter is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a)(1).

2.  The Court has jurisdiction over the claims against Defendant First Transit pursuant to 28 U.S.C. § 1332(a)(1), in that the parties are of diverse citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

3.  The Court has jurisdiction over the claims against Defendant Kelsey Wilson pursuant to 28 U.S.C. § 1332(a)(1), in that the parties are of diverse citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4.  The Court has personal jurisdiction over Defendant First Transit pursuant to D.C. Code § 13-423(a), in that First Transit regularly transacts business in the District of Columbia and caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

5.  The Court has personal jurisdiction over Defendant Kelsey Wilson pursuant to D.C. Code § 13-423(a), in that Defendant Wilson caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

6.  Venue in this action properly lies in the United State District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and because Defendants are subject to personal jurisdiction in this judicial district.

## Parties

7.  Plaintiff Maria O. Pryshlak is now, and for all relevant times has been, an adult female resident of the District of Columbia, residing at 2475 Virginia Avenue, N.W., Apartment 709, Washington, D.C. 20037. At the time of the incident, Ms. Pryshlak was the director of East European and Eurasian Programs at the Center for Intercultural Education and Development at Georgetown University, working at 3300 Whitehaven Street, N.W., Washington, D.C. 20057.

8.  Upon information and belief, Defendant First Transit is a foreign corporation formed and existing pursuant to the laws of the State of Delaware, having its principal place of business at 705 Central Avenue, Suite 300, Cincinnati, Ohio 45202-5755. Upon information and belief, at all relevant times, Defendant First Transit regularly transacts business in the District of Columbia and maintains a resident agent located at 1090 Vermont Ave., N.W., Washington, D.C. 20005.

9.   Upon information and belief, at all relevant times, Defendant First Transit was the operator of the "D.C. Circulator" bus that is the subject of this litigation. At all relevant times, Defendant Kelsey Wilson, the driver of the "D.C. Circulator" bus that is the subject of this litigation, was acting in the course and scope of his employment and/or agency with Defendant First Transit, thereby rendering First Transit vicariously liable for all of Defendant Wilson's tortious acts and omissions in causing Plaintiff's injuries.

10.   Upon information and belief, Defendant Kelsey Wilson is now, and for all relevant times has been, an adult male resident of Maryland, residing at 1710 Saint Paul Street, Apartment 104, Baltimore, Maryland 21202. At all relevant times, Defendant Wilson was an agent, servant, and/or employee of Defendant First Transit.

### Facts

11.   On April 18, 2007, at approximately 10:45 a.m., Maria O. Pryshlak was seated at her desk and conducting a meeting in her office on the ground floor of the Milton Harris Building at 3300 Whitehaven Street, N.W., Washington, D.C. 20057. Ms. Pryshlak's desk was located several feet from the back wall and window of her office, which faced the south side of the 3300 block of Whitehaven Street, N.W.

12.   At the same date and time, upon information and belief, Defendant Wilson attempted to park the "D.C. Circulator" bus, vehicle identification number YEZUF24B842061605 and D.C. license tag number B-42083, on the north side of Whitehaven Street within the 3300 block of Whitehaven Street.

13.   At the same date and time, upon information and belief, Defendant Wilson failed to set the parking brake on the "D.C. Circulator" bus and/or otherwise failed to

4

properly park and/or maintain control of the "D.C. Circulator" bus, and then exited and/or walked away from the "D.C. Circulator" bus.

14. At the same date and time, upon information and belief, the unoccupied and driverless "D.C. Circulator" bus rolled east down the hill on Whitehaven Street, then continued rolling backwards in an east and south direction, crossing from the north side of Whitehaven Street into the south side of Whitehaven Street.

15. Upon information and belief, the "D.C. Circulator" bus continued rolling backwards and across Whitehaven Street where it struck an unoccupied vehicle parked on the south side of Whitehaven Street, jumped over the curb of the street, struck a parking meter, entered and traveled across an open space and/or courtyard, and then crashed through the back wall and window of Ms. Pryshlak's office in the Milton Harris Building at 3300 Whitehaven Street, N.W., Washington, D.C.

16. When the bus crashed through the back wall and window of Ms. Pryshlak's office, it created an explosive noise, shook the entire building, caused serious structural damage to the entire building, and by traveling several feet into her office, caused the back wall and window of Ms. Pryshlak's office to collapse onto Ms. Pryshlak, striking her in the back, neck, and/or head, and propelling her chest violently into her desk.

17. Ms. Pryshlak was then trapped between her desk and the back wall frame and additional debris and wreckage from the back wall.

18. Ms. Pryshlak screamed for help. She was shocked, confused, and scared for her life.

19. Ms. Pryshlak thought a bomb had exploded. There was debris and smoke everywhere in the office, and it looked like the office itself had exploded.

20. Ms. Pryshlak thought she was going to die.

21. Another individual in Ms. Pryshlak's office at the time of the crash attempted to help Ms. Pryshlak, but was unable to lift the heavy wall frame off her.

22. Another individual in the building at the time of the crash ran into Ms. Pryshlak's office, and upon seeing the scene and the debris and damage, but not Ms. Pryshlak, yelled, "Maria is dead."

23. Soon thereafter, other people entered the office and attempted to lift the back wall frame off Ms. Pryshlak, who was in shock, and afraid that the wall would completely crush her

24. Other people in the building at the time of the crash were eventually able to lift the wall frame off Ms. Pryshlak enough for her to escape.

25. Ms. Pryshlak had been trapped underneath the heavy wall frame, pinned against her desk for several minutes.

26. After the back window and wall frame were finally lifted enough for her to escape, Ms. Pryshlak left her office and briefly remained in the building, shocked and traumatized.

27. Police and paramedics arrived shortly thereafter, and evacuated the entire building.

28. Ms. Pryshlak's entire body began shaking uncontrollably outside the building.

29. Ms. Pryshlak was place in a neck brace and on a back board, and then transported by ambulance to George Washington University Hospital Emergency Room where she was treated by the trauma team for her physical injuries.

30. As a result of the incident, Defendant Wilson was issued a citation for "failure to set parking brake" from the Metropolitan Police Department police officer responding to the scene.

31. As a direct and proximate result of the incident, Ms. Pryshlak sustained severe, serious and permanent injuries, including but not limited to, disc protrusions in the spine, abutment in the spinal cord, extreme chest pain, extended shortness of breath, extensive bruises and abrasions to the extremities, soft tissue injuries, and substantial injuries, bruising, tenderness, and swelling throughout the body, including the back, chest, shoulder, hip, arms, and hands, as well as severe emotional and psychological damages, including but not limited to, post traumatic stress disorder.

32. At the time of the occurrence, and at all times relevant hereto, Defendant Wilson was an agent and/or employee of Defendant First Transit and was operating the bus within the course and scope of his employment and/or agency with Defendant First Transit, which is vicariously liable and otherwise legally responsible for his actions.

33. At the time of the occurrence, and at all times relevant hereto, Defendant Wilson was operating the bus with the consent of Defendant First Transit.

34. At the time of the occurrence, and at all times relevant hereto, Defendant First Transit was a Transit Contract Servicer providing the implementation and operation of transportation systems throughout the United States, supplying equipment, facilities, staffing and management for the aforesaid transportation systems.

35. Upon information and belief, Defendant First Transit contracted with the District of Columbia and/or the Washington Metropolitan Area Transit Authority to provide such transportation contract services, including "D.C. Circulator" transit bus services, and continues to provide such services to date.

## COUNT I
### Negligence and Negligence Per Se/ *Respondeat Superior* (Defendants First Transit, Wilson)

36. Paragraphs 1-35 above are incorporated by reference as if set forth fully herein.

37. At all relevant times, Defendant First Transit, through its agent, servant, and/or employee Defendant Wilson, and Defendant Wilson owed Ms. Pryshlak a duty of care to use reasonable care in controlling, operating, and parking the "D.C. Circulator" bus.

38. The aforesaid incident was directly and proximately caused by Defendant First Transit, through its agent, servant, and/or employee Defendant Wilson, and Defendant Wilson, without any negligence of Ms. Pryshlak contributing whatsoever.

39. Defendant First Transit, through its agent, servant, and/or employee Defendant Wilson, and Defendant Wilson were negligent and breached the following duties owed to Ms. Pryshlak, *inter alia*:

    a. Failure to maintain proper control of the "D.C. Circulator" bus;

    b. Failure to pay full time and attention to the operation of the "D.C. Circulator" bus;

    c. Failure to keep a proper lookout in the operation of the "D.C. Circulator" bus;

d.  Failure to operate the "D.C. Circulator" bus in a safe manner;

e.  Failure to operate the "D.C. Circulator" bus with the degree of skill and care required under the circumstances;

f.  Failure to set the "D.C. Circulator" bus parking brake;

g.  Failure to set the "D.C. Circulator" bus parking brake properly and/or in a safe manner;

h.  Failure to park the "D.C. Circulator" bus properly and/or in a safe manner;

i.  Failure to park the "D.C. Circulator" bus with the degree of skill and care required under the circumstances; and

j.  Failure to otherwise adhere to the applicable motor vehicle laws and regulations then and there in effect in the District of Columbia.

40.  By violating District of Columbia Municipal Regulations designed to protect individuals like Ms. Pryshlak, Defendant First Transit, through its agent, servant, and/or employee Defendant Wilson, and Defendant Wilson were negligent *per se* in the following ways, *inter alia*:

a.  Failure to operate the "D.C. Circulator" bus on the right half of the roadway, in violation of Title 18, Chapter 2201.1 of the District of Columbia Municipal Regulations;

b.  Failure to operate the "D.C. Circulator" bus on the proper portion of the roadway and not over, across, and/or within a dividing space, barrier, and/or section, in violation of Title 18, Chapter 2201.8 of the District of Columbia Municipal Regulations;

  c. Failure to ensure movement of the "D.C. Circulator" bus could be made with reasonable safety before starting a stopped, standing, or parked vehicle, in violation of Title 18, Chapter 2206.1 of the District of Columbia Municipal Regulations;

  d. Failure to ensure the backward movement of the "D.C. Circulator" bus could be made with reasonable safety and without interfering with other traffic before permitting the vehicle to move backward, in violation of Title 18, Chapter 2206.3 of the District of Columbia Municipal Regulations;

  e. Failure to operate the "D.C. Circulator" bus on the roadway and not within or across a permanent sidewalk area, in violation of Title 18, Chapter 2221.3 of the District of Columbia Municipal Regulations;

  f. Failure to operate the "D.C. Circulator" bus so that it does not strike any fixed object or construction, located in or over any street, highway, or alley, in violation of Title 18, Chapter 2221.4 of the District of Columbia Municipal Regulations;

  g. Failure to exercise due care to avoid colliding with any pedestrians, in violation of Title 18, Chapter 2300.2 of the District of Columbia Municipal Regulations;

  h. Failure to stand or park the D.C. Circulator bus in the roadway parallel to the edge of the roadway headed in the direction of lawful traffic movement, in violation of Title 18, Chapter 2400.1 of the District of Columbia Municipal Regulations;

  i. Failure to stand or park the D.C. Circulator bus on a two-way street with the right-hand wheels of the vehicle within twelve inches (12 in.) of the right curb or edge of the roadway, in violation of Title 18, Chapter 2400.2 of the District of Columbia Municipal Regulations;

41.     As a direct and proximate result of the negligence and negligence *per se* of Defendant First Transit, through its agent, servant, and/or employee Defendant Wilson, and Defendant Wilson, Ms. Pryshlak was caused to suffer severe, serious and permanent injuries, suffer severe pain and suffering, was prevented from pursuing her usual and routine activities and was caused economic damages including, but not limited to, expenses for hospital care, rehabilitation, and additional medical care, as well as expenses for lost wages, future medical care, rehabilitation, and/or surgery.

42.     At all relevant times hereto, Defendant Wilson was employed by, or was the agent of, Defendant First Transit.

43.     The above-described negligent acts of Defendant Wilson were committed within the scope of his agency and/or employment with Defendant First Transit, insomuch as Defendant Wilson committed these negligent acts in the course of his operation of a "D.C. Circulator" transit bus.

44.     As Defendant Wilson's employer and/or principal, Defendant First Transit is responsible for any injuries proximately caused by acts of negligence committed by Defendant Wilson during the course of his employment and/or agency with Defendant First Transit.

WHEREFORE, Plaintiff Maria O. Pryshlak demands judgment against Defendant First Transit and Defendant Wilson, jointly and severally, as follows: (1) compensatory damages in the amount of not less than One Million Dollars ($1,000,000.00), which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

**JURY TRIAL REQUESTED**

Plaintiff, by counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

MARIA O. PRYSHLAK

By: /s/ Peter C. Grenier
Peter C. Grenier, Esq., D.C. Bar #418570
Michael K. Hibey, Esq., D.C. Bar #502890
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor, Connecticut Building
Washington, D.C. 20036-0000
(202) 828-4100
(202) 828-4130 - facsimile

Dated: July 3, 2007

## I (a) PLAINTIFFS
MARIA O. PRYSHLAK

## DEFENDANTS
FIRST TRANSIT, INC. & KELSEY WILSON

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Peter C. Grenier, Esq. (D.C. Bar #418570)
Bode & Grenier, LLP
1150 Connecticut Ave., NW
Ninth Floor
Washington, DC 20036 - (202) 828-4100

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ● B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|  |  |  |  |
|---|---|---|---|
| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. § 1332 (a)(1); Motor vehicle negligence and vicarious liability.

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐
DEMAND $ 1,000,000.00    Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

## VIII. RELATED CASE(S) IF ANY
(See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 7-3-07    SIGNATURE OF ATTORNEY OF RECORD  *Peter C. Grenier*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.