IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARIA O. PRYSHLAK | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: 1:07-cv-01204 |
| FIRST TRANSIT, INC., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS, FIRST TRANSIT, INC. AND KELSEY WILSON'S ANSWER TO COMPLAINT

Defendants, First Transit, Inc. and Kelsey Wilson, by and through their undersigned attorneys, and in response to the Complaint filed in the above-captioned matter, state as follows:

First Defense

The Complaint fails to state a cause of action upon which relief may be granted.

Second Defense

There is no basis for awarding damages against the Defendants under the facts and circumstances as set out in the Complaint.

Third Defense

Defendants specifically deny that they breached any duty or obligation to the Plaintiff, and generally deny that they were negligent.

Fourth Defense

Plaintiff's claims are barred by assumption of the risk.

Fifth Defense

Plaintiff's injuries, losses, and/or damages, if any, were caused or may have been caused

1

by the Plaintiff's contributory negligence.

Sixth Defense

Plaintiff's injuries, losses, and/or damages, if any, were or may have been the result of acts or omissions of other third parties over whom Defendants had no control or right of control.

Seventh Defense

Any negligence allegedly attributable to Defendants were not the proximate cause of Plaintiff's alleged injuries or damages.

Eighth Defense

With regard to the specific allegations contained in the Plaintiff's Complaint, Defendants, First Transit, Inc. and Kelsey Wilson, respond as follows:

The section titled Nature of Case of the Complaint does not state factual allegations against Defendants, but instead, merely states the basis of Plaintiff's Complaint. To the extent that a response is required, Defendants deny the allegations contained in the section titled "Nature of Case" of the Complaint.

1. The averments contained in Paragraph 1 of the Complaint contain conclusions of law to which no response is required.

2. The averments contained in Paragraph 2 of the Complaint contain conclusions of law to which no response is required.

3. The averments contained in Paragraph 3 of the Complaint contain conclusions of law to which no response is required.

4. The averments contained in Paragraph 4 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, this party denies the allegations as pled.

5. The averments contained in Paragraph 5 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, this party denies the allegations as pled.

6. The averments contained in Paragraph 6 of the Complaint contain conclusions of law to which no response is required.

7. Defendants are without sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and demand strict proof thereof.

8. The averments contained in Paragraph 8 of the Complaint are admitted.

9. Defendant First Transit admits that it operated the "D.C. Circulator" bus. The remaining allegations in Paragraph 9 are conclusions of law to which no response is required. However, to the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 9 as pled.

10. The averments contained in Paragraph 10 of the Complaint are admitted.

11. Defendants are without sufficient information to form a belief as to the truth of the averments as set forth in this paragraph.

12. Defendants deny the allegations in Paragraph 12 as pled.

13. Defendants deny the allegations in Paragraph 12 as pled.

14. Defendants are without sufficient information to form a belief as to the truth of the averments as set forth in this paragraph. Accordingly, the averments contained in Paragraph 14 of the Complaint are denied.

15. Defendants are without sufficient information to form a belief as to the truth of the averments as set forth in this paragraph. Accordingly, the averments contained in Paragraph 15 of the Complaint are denied.

16. Defendants are without sufficient information to form a belief as to the truth of the averments as set forth in this paragraph. Accordingly, the averments contained in Paragraph 16 of the Complaint are denied.

17. Defendants are without sufficient information to form a belief as to the truth of the averment as set forth in this paragraph. Accordingly, the averment contained in Paragraph 17 of the Complaint is denied.

18. Defendants are without sufficient information to form a belief as to the truth of the averments as set forth in this paragraph. Accordingly, the averments contained in Paragraph 18 of the Complaint are denied.

19. Defendants are without sufficient information to form a belief as to the truth of the averment as set forth in this paragraph. Accordingly, the averment contained in Paragraph 19 of the Complaint is denied.

20. Defendants are without sufficient information to form a belief as to the truth of the averments as set forth in this paragraph. Accordingly, the averments contained in Paragraph 20 of the Complaint are denied.

21. Defendants are without sufficient information to form a belief as to the truth of the averment as set forth in this paragraph. Accordingly, the averment contained in Paragraph 21 of the Complaint is denied.

22. Defendants are without sufficient information to form a belief as to the truth of the averment as set forth in this paragraph. Accordingly, the averment contained in Paragraph 22 of the Complaint is denied.

23. Defendants are without sufficient information to form a belief as to the truth of the averments as set forth in this paragraph. Accordingly, the averments contained in Paragraph 23 of

the Complaint are denied.

24. Defendants are without sufficient information to form a belief as to the truth of the averment as set forth in Paragraph 24 of the Complaint. Accordingly, the averment contained in Paragraph 24 of the Complaint is denied.

25. Defendants are without sufficient information to form a belief as to the truth of the averment as set forth in this paragraph. Accordingly, the averment contained in Paragraph 25 of the Complaint is denied.

26. Defendants are without sufficient information to form a belief as to the truth of the averment as set forth in this paragraph. Accordingly, the averment contained in Paragraph 26 of the Complaint is denied.

27. Defendants are without sufficient information to form a belief as to the truth of the averment as set forth in Paragraph 27 of the Complaint. Accordingly, the averment contained in Paragraph 27 of the Complaint is denied.

28. Defendants are without sufficient information to form a belief as to the truth of the averment as set forth in this paragraph. Accordingly, the averment contained in Paragraph 28 of the Complaint is denied.

29. Defendants are without sufficient information to form a belief as to the truth of the averments as set forth in this paragraph. Accordingly, the averments contained in Paragraph 29 of the Complaint are denied.

30. The averments contained in Paragraph 30 of the Complaint are admitted.

31. Defendants are without sufficient information to form a belief as to the truth of the averments contained in this paragraph. Accordingly, the averments contained in Paragraph 31 of the Complaint are denied.

32. Defendants admit that Kelsey Wilson was acting in the course of his duties as an employee and agent of Defendant First Transit, Inc. The remainder of the averments in Paragraph 32 are conclusions of law to which no response is required.

33. The averments contained in Paragraph 33 of the Complaint are admitted.

34. Defendants admit that First Transit, Inc. is a public transportation provider. Defendants deny the remaining allegations set forth in Paragraph 34 as pled.

35. Defendants admit the First Transit, Inc. contracted with Washington Metropolitan Area Transit Authority.

36. The responses set forth in Paragraphs 1- 35 of this Answer are incorporated and adopted by reference herein.

37. The averments contained in Paragraph 37 of the Complaint are conclusions of law to which no response is required.

38. The averments contained in Paragraph 38 of the Complaint are denied.

39. The averments contained in Paragraph 39 (a through j) of the Complaint are denied.

40. The averments contained in Paragraph 40 (a through i) of the Complaint are denied.

41. The averments contained in Paragraph 41 of the Complaint are denied.

42. The averment contained in Paragraph 42 of the Complaint is admitted.

43. The averments contained in Paragraph 43 of the Complaint are denied.

44. The averments contained in Paragraph 44 of the Complaint are conclusions of law to which no response is required. To the extent the averments contained in Paragraph 44 are deemed to be factual, the averments are denied.

WHEREFORE, Defendants, First Transit, Inc. and Kelsey Wilson, respectfully request that this case be dismissed, that judgment be rendered in favor of Defendants, First Transit, Inc. and

Kelsey Wilson, that Defendants, First Transit, Inc. and Kelsey Wilson, be released from this action and that appropriate costs and attorneys fees be awarded to Defendants, First Transit, Inc. and Kelsey Wilson, and that this Court award such other and further relief as the Court deems appropriate.

        Respectfully submitted,

        *Tamara B. Goorevitz*
        Tamara B. Goorevitz
        DC Bar No.: 465740
        Franklin & Prokopik
        The B&O Building
        Two North Charles St., Ste. 600
        Baltimore, Maryland 21201
        Tel.: (410) 230-3625
        Fax: (410) 752-6868
        tgoorevitz@fandpnet.com
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July, 2007, a copy of the foregoing Answer to Complaint was sent by first class mail, to:

Peter C. Grenier, Esq.
Michael K. Hibey, Esq.
Bode & Grentler, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor, Connecticut Building
Washington, DC 20036
*Attorneys for Plaintiff*

*Tamara B. Goorevitz*
Tamara B. Goorevitz