UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARIA PRYSHLAK | * | |
| Plaintiff | * | Civil No. 1:07-cv-01204 |
| v. | * | |
| FIRST TRANSIT, INC., et al. | * | Honorable John D. Bates |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \*

**JOINT STATEMENT OF
PARTIES' PLANNING MEETING PURSUANT TO LCvR 16.3**

Pursuant to the Court's Order entered on July 26, 2007, and LCvR 16.3, Plaintiff, Maria Pryshlak and Defendant ("the Parties") now make the following report of that conference and of their discovery plan.

**I. TOPICS CONSIDERED PURSUANT TO LCvR 16.3**

**(1)  Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion had already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

At this time, neither party believes the case is likely to be [preliminarily] disposed of by dispositive motion. The Parties do not recommend to the Court that discovery or other matters should await a decision on such motion.

**(2)  The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties agree that any other parties shall be joined or the pleadings amended on or before October 15, 2007. The Parties do not believe that some or all the factual and legal issues can be agreed upon or narrowed.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties are in agreement that the case should not be assigned to a magistrate judge for trial, but do not object to the involvement of magistrate judges for the resolution of discovery disputes.

**(4) Whether there is a realistic possibility of setting the case.**

The Parties agree that there is a realistic possibility of setting the case, and will jointly move the Court to enter a consent order referring this case to the Court's mediation program pursuant to LCvR 84.4.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The Parties will jointly move the Court to enter a consent order referring this case to the Court's mediation program pursuant to LCvR 84.4.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

At this time, the Parties do not believe this case can be resolved entirely by summary judgment.

The Parties have agreed that the deadline for filing dispositive motions shall be on or before January 29, 2008, with the opposition to be filed on or before February 11, 2008, and Reply to be filed on or before February 18, 2008. The Parties would request a ruling on this Motion for Summary Judgment by March 3, 2008.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties agree that initial disclosure shall be submitted.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The Parties have agreed, and will move the Court for an order setting the time for fact discovery to be completed by January 15, 2008. Plaintiff shall designate her experts by or before October 29, 2007. Defendants shall designate their experts by November 29, 2007.

The Parties agree that the party that employs a discovery method (e.g., interrogatories, document production, requests for admissions, and depositions) is responsible for serving such discovery request or notice in a timely fashion such that the responding party has the full amount of time provided for under the Federal Rules of Civil Procedure or the Local Rules of this Court (the "Rules") to respond.

The Parties agree that depositions will be set for mutually agreeable times and places, but if agreement cannot be reached, depositions will be noticed a minimum of 10 business days in advance.

The Parties do not believe, at this time, that any other limits should be placed on discovery; or that a protective order is appropriate. The Parties reserve their rights to move for protective orders as the need may arise.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The Parties agree that the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should not be modified.

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The Parties agree that the trial should not be bifurcated or managed in phases.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties request a pretrial conference on or about March 17, 2008.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties request that the trial date be set at the pretrial conference.

**(14)   Such other maters that the parties believe may be appropriate for inclusion in a scheduling order.**

None at this time.
Dated: August 21, 2007

Respectfully submitted,

/s/ *Peter C. Grenier*
Peter C. Grenier (D.C. Bar No. 418570)
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C. 20036
Tel: (202) 828-4100
Fax: (202) 828-4130
Counsel for Plaintiff


/s/ *Tamara B. Goorevitz*
Tamara B. Goorevitz (D.C. Bar No. 465740)
Franklin & Prokopik
2 North Charles Street, Suite 600
The B & O Building
Baltimore, MD 21201
Tel. (410) 230-3625
Fax: (410) 752-6868
Counsel for Defendants